IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | No. C 11-0579 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| ANTHONY HEDGEPATH and JAMES P. FOX, | ) ) | (Docket No. 6.) |
| Defendants. | ) ) ) | |

Plaintiff, currently an inmate at California State Prison - Corcoran, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged civil rights violations. Plaintiff's motion for an extension of time to complete his in forma pauperis application or pay the filing fee is denied as unnecessary. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff's complaint is barely legible. As far as the Court can decipher, he appears to allege that Defendants violated his Fourteenth Amendment rights, as well as several state and federal statutes. However, Plaintiff provides no factual allegations to support his accusations.

The complaint has several deficiencies that require an amended complaint to be filed. First, the amended complaint must allege facts that show federal constitutional violations. The amended complaint should describe what happened, when it happened, and how it violated his constitutional rights. For example, if Plaintiff intends to allege that a deprivation of a basic necessity was sufficiently serious to satisfy the objective component of an Eighth Amendment claim, Plaintiff must allege (1) what the deprivation is, recognizing that it must be objectively

1 and sufficiently serious to rise to the level of a constitutional violation, and (2) that the prison
2 official possessed a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825,
3 834 (1994).

4 Second, although the complaint names Defendants, Plaintiff must link each Defendant to
5 each claim by providing facts showing the basis for liability for each individual Defendant. He
6 should not refer to them as a group (e.g., "the Defendants"); rather, he should identify each
7 involved person by name, and link each of them to the claim(s) by explaining what each
8 Defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v.
9 Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant
10 under § 1983 only if plaintiff can show that a defendant proximately caused deprivation of
11 federally protected right).

12 Third, Plaintiff is advised that, although he names Defendants in their individual and
13 official capacities, the Eleventh Amendment bars from the federal courts suits against state and
14 federal governments by its own citizens. *See Loeffler v. Frank*, 486 U.S. 549, 554 (1988). This
15 immunity also extends to suits against a state agency and to state officials sued in their official
16 capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985).

**CONCLUSION**

18 1. Plaintiff's complaint is DISMISSED with leave to amend.

19 2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
20 this order is filed to cure the deficiencies described above. The amended complaint must include
21 the caption and civil case number used in this order (C 11-0579 LHK (PR)) and the words
22 AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the
23 prior complaint by reference. **Failure to file an amended complaint within thirty days and in
24 accordance with this order will result in dismissal of this action.**

25 3. Plaintiff is advised that an amended complaint supersedes the original complaint.
26 "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
27 in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
28 Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

1  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2      4.    It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED:  5/6/11

                                        _____
                                        LUCY H. KOH
                                        United States District Judge