IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | No. C 11-0579 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION |
| | ) | TO AMEND; DENYING |
| v. | ) | MOTION FOR EXTENSION |
| | ) | OF TIME AS UNNECESSARY; |
| ANTHONY HEDGEPETH, et al., | ) | DISMISSAL WITH LEAVE TO |
| | ) | AMEND |
| Defendants. | ) | |
| | ) | (Docket Nos. 12, 13.) |

Plaintiff, currently an inmate at California State Prison - Corcoran, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged civil rights violations. Plaintiff's motion to amend his complaint is GRANTED. The Clerk shall filed Plaintiff's amended complaint. Plaintiff's motion for an extension of time to file an amended complaint is DENIED as unnecessary. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.
2  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*
3  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).
4        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
5  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the
6  statement need only "'give the defendant fair notice of what the . . . claim is and the grounds
7  upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
8  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
9  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
10 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
11 do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."
12 *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
13 complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*
14 at 1974.
15       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
16 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
17 the alleged violation was committed by a person acting under the color of state law.  *See West v.*
18 *Atkins*, 487 U.S. 42, 48 (1988).
19 B.    Legal Claims
20       Plaintiff's amended complaint spans over a decade, and names several Defendants who
21 allegedly violated his constitutional rights while he was housed within several different prisons
22 in this suit.  As an initial matter, when jurisdiction is not founded solely on diversity, venue is
23 proper in the district in which (1) any defendant resides, if all of the defendants reside in the
24 same state, (2) the district in which a substantial part of the events or omissions giving rise to the
25 claim occurred, or a substantial part of property that is the subject of the action is situated, or (3)
26 a judicial district in which any defendant may be found, if there is no district in which the action
27 may otherwise be brought.  28 U.S.C. § 1391(b).  Plaintiff's claims arising out of acts committed
28 in Kern County, Kings County, and Sacramento County are properly raised in the Eastern

1  District of California.  28 U.S.C. § 84(b).  Consequently, Defendants Chrones, Walker, Lopez,
2  and Hubbard; Chief Medical Officers at Delano State Prison, Folsom State Prison, and California
3  State Prison - Corcoran; and Business Service Managers at Delano State Prison, Folsom State
4  Prison, and California State Prison - Corcoran are dismissed without prejudice to Plaintiff's re-
5  filing claims against them in a separate complaint in the Eastern District of California.

6  Plaintiff also sues several "Doe" Defendants, including "Chief Medical Officer" and
7  "Business Service Manager" at Salinas Valley State Prison ("SVSP").  The use of "John Doe" to
8  identify a defendant is not favored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637,
9  642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968).
10 Consequently, the "Doe" Defendants are DISMISSED without prejudice.  Should Plaintiff
11 succeed in identifying the unknown Defendants, he may move to amend to add them to his
12 complaint.  *See Gillespie*, 629 F.2d at 642.

13 In his amended complaint, Plaintiff alleges that around October 2010, he was transferred
14 to SVSP.  When incarcerated at SVSP, his packages were given away to other prisoners, he was
15 denied dental products which resulted in a gum infection, and was denied medical treatment for
16 Hip-C.  Although the Court has already warned Plaintiff once, the amended complaint should
17 describe what happened, when it happened, and how it violated his constitutional rights.  Second,
18 Plaintiff again fails to link each Defendant to each claim by providing facts showing the basis for
19 liability for each individual Defendant.  He should identify each involved person by name, and
20 link each of them to the claim(s) by explaining what each Defendant did or failed to do that
21 caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.
22 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show
23 that a defendant proximately caused deprivation of federally protected right).  As his amended
24 complaint stands, Plaintiff's bald allegations that Hedgpeth somehow violated Plaintiff's
25 constitutional rights, he does not proffer plausible facts to state a claim for relief.  *See Twombly*,
26 127 S. Ct. at 1974.

27 However, in light of Plaintiff's *pro se* status, the Court will give him one final
28 opportunity to amend his complaint.

**CONCLUSION**

1. Defendants Chrones, Walker, Lopez, Hubbard, Chief Medical Officers, and Business Service Managers are dismissed without prejudice.

2. Plaintiff's amended complaint is DISMISSED with leave to amend.

3. Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The second amended complaint must include the caption and civil case number used in this order (C 11-0579 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file a second amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  9/19/11

LUCY H. KOH
United States District Judge

Order Granting Motion to Amend; Denying Motion for Extension of Time as Unnecessary;
P:\PRO-SE\SJ.LHK\CR.11\Smith579dwla2.wpd         4