IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES E. SMITH, | ) | No. C 11-0579 LHK (PR) |
| Plaintiff, | ) ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| ANTHONY HEDGEPETH, et al., | ) ) | |
| Defendants. | ) ) | |

    Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint against prison officials at California State Prison - Corcoran, pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses this action.

## DISCUSSION

A.    <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1 | To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

On May 6, 2011, the Court dismissed Plaintiff's original complaint with leave to amend because the complain was barely legible, and Plaintiff failed to provide any factual support to his myriad of allegations. Moreover, he failed to identify Defendants, and link each Defendant to each claim. The Court advised Plaintiff about the deficiencies in his complaint, and directed him to file an amended complaint. On August 22, 2011, Plaintiff filed a motion for extension of time, and a proposed amended complaint. On September 19, 2011, the Court directed the Clerk to file Plaintiff's amended complaint. However, the amended complaint was still deficient. Plaintiff still failed provide factual allegations describing his "entitlement to relief." Further, Plaintiff failed to identify each Defendant by name, and link each one to each allegation. The Court advised Plaintiff that his amended complaint contained bald allegations without any plausible facts to state a claim for relief. The Court gave Plaintiff one final opportunity file a second amended complaint.

On October 21, 2011, Plaintiff filed a second amended complaint. However, the second amended complaint suffers from similar deficiencies as Plaintiff's previous complaints, and fails to state a federal claim for relief. Because Plaintiff has already been given two opportunities to amend his complaint, the Court concludes that any further leave to amend would be futile.

**CONCLUSION**

Plaintiff's second amended complaint is DISMISSED without prejudice. The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 12/22/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Dismissal
P:\pro-se\sj.lhk\cr.11\Smith579dis         2